Antonio Silva
vs.
Bristol & Warren
Water Works

W. C. A. No. 1602.

June 28, 1934.

BAKER, P. J. Heard on appeal from decision of commissioner. In this matter the evidence shows that the petitioner worked as a laborer for the respondent company. On October 31, 1932, he was riding in the cab of a truck of the respondent, going from one job to another. While the truck was passing down a hill on a somewhat rough road, it struck either a large stone or a depression and the petitioner was thrown upward, striking the top of his head on the left side against the roof of the cab. He made some exclamation at the time but continued working for the remainder of that day and also worked until November 19, 1932. Following that date he remained at home and for several days stayed in bed, and since said 19th of November has done no work. He complains of weakness in the left side, pain in his head, dizziness, trouble with his eyes and general inability to labor.

No direct notice of this accident was given by the petitioner to the respondent company. He showed a bump or slight cut on his head to one or two fellow workmen on the day immediately following the accident, but did not discuss the matter with his foreman or boss, a Mr. Cole. Petitioner claims, however, and is supported by a witness, that on November 30, while he was at home, he had some one, acting on his behalf, notify Mr. Cole of the accident and ask him to come and see the petitioner. Mr. Cole places the date of this notification as early in December, although he refused to say that the date might not have been November 30th. On the whole the Court feels that the petitioner should be given the benefit of the doubt on this point and that the weight of the evidence supports his claim that knowledge or notification of the accident was brought to the attention of Mr. Cole by November 30, 1932.

The chief question in this case is whether the petitioner was incapacitated for work by reason of the above described accident.

The respondent contends that the accident itself was very slight and did not in any way prevent the petitioner from working. The petitioner, on the other hand, urges that he is still totally incapacitated and has been in this condition since November 20, 1932.

The history of the case shows that the petitioner has been attended and examined by several physicians. Dr. D'Angelo treated him from November 29, 1932, to January 26, 1933. Petitioner then visited the Rhode Island Hospital several times for treatment. In April, 1933, Dr. Rego attended him and sees him occasionally at the present time. In June, 1933, Dr. Bernardo was consulted. The petitioner was examined by Dr. Palmer on March 20, 1933, and also by Dr. Vieira in January, 1934. Dr. D'Angelo attended him once in May 1934.

An X-ray of the petitioner's head had been taken and other tests have been made, the results of which are all negative. The doctors are in substantial agreement that practically all the petitioner's symptoms are subjective and not objective. Most of the doctors agree that the petitioner has some form of traumatic neurosis. This would appear to be a rather broad or loose term, implying that the petitioner is suffering from a mental condition or state of mind which has developed since the accident in question.

Dr. D'Angelo, petitioner's own physician and the doctor who first saw him, testified that he could find little wrong with him, that his symptoms were practically all subjective; that he treated him for a period of nine or

4

ten weeks in order to see what he could discover, and that in his opinion the petitioner was physically all right on January 26, 1933, and that he so advised him.

Dr. Rego, another physician of the petitioner, in substance said he does not know whether anything is the matter with the petitioner or not and does not know whether he can work; that it is impossible to say.

Dr. Bernardo believed that the petitioner was physically able to work and that he was suffering from a mental or nervous condition brought about by worry.

Dr. Vieira was of the opinion that the petitioner was suffering from a moderate case of traumatic neurosis and that at the present time he could do at least certain types of work.

Dr. Palmer was very positively of the opinion that nothing was physically wrong with the petitioner at the time he made the examination and gave it as his opinion that he had not been physically incapacitated at all. In his judgment, if there was any serious head injury following an accident such as the petitioner complained of, the effects of it would have been revealed shortly after the accident and the petitioner would not have been able to work for almost three weeks following the injury. Dr. D'Angelo, who attended the man on May 25, 1934, gave it as his opinion that on that date the petitioner was feigning illness.

After giving all the evidence in the case careful consideration, the Court has come to the conclusion that the accident in question did not incapacitate the petitioner from working. In the first place, the testimony shows that he did his work as usual for a period of almost three weeks following the injury, and during that time made no complaint to his foreman about the matter. He consulted no doctor until November 29, 1932, which

was approximately a month after the accident happened. The tests made upon the petitioner and the X-ray of his head all show negative results. The great preponderance of the testimony presented by the doctors seems to the Court to indicate clearly that the petitioner, if suffering from anything, has become affected by a mental condition in relation to the accident in question and that physically he has not been incapacitated.

The Court believes that an examination of the petitioner's own evidence tends to show that he had a feeling that he was being neglected or not properly treated because some one did not come to see him or consult with him about the accident he had had. The Court thinks, taking into consideration the evidence of the doctors in this connection, that this feeling became so magnified that the petitioner gradually developed a nervous condition of worry which has led him to feel that he cannot work.

The Court finds that the injury suffered by the petitioner did not incapacitate him from performing his usual duties and the appeal is denied and the petition dismissed.

For petitioner: George R. McCanna, Lucien Capone.

For respondent: Edward L. Leahy.